IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Destine L. Shook, | : | |
| Petitioner | : | Criminal No. 2:07-cr-00033 |
| | | Civil Case No. 2:07-01239 |
| v. | : | |
| United States of America, | : | Judge Holschuh |
| Respondent | : | Magistrate Judge Abel |

## Report and Recommendation

Petitioner Shook brings this action for writ of habeas corpus under 28 U.S.C. §2255.  This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2255 Cases in United States District Courts.

On March 16, 2007, Shook pleaded guilty to one count of possession with intent to distribute over 50 grams of cocaine base in violation of 21 U.S.C. § 841.  On July 10, 2007, he was sentenced to a term of 120 months imprisonment.

Petitioner Shook did not file an appeal.  The petition alleges two claims:

A. The information was ambiguous because it listed cocaine base and crack in the same context as if they were the same substance.

B. Shook is entitled to a two point reduction under the U.S.S.G. Commission's November 1, 2007 amendments to the Guidelines.

As to Ground A, a guilty plea waives all defects except the voluntariness and intelligence of the plea.  *Tollett v. Henderson,* 411 U.S. 258, 267 (1973).  Further, to the extend that Ground A could have been presented to the Court of Appeals in a direct appeal, Shook has waived this ground for relief by not filing an appeal.  *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003).  Moreover, petitioner has failed to demonstrate cause for his failure to raise this issue on appeal; therefore, he cannot present in habeas corpus.  *Id.*

Ground B of the motion to vacate refers to a possible reduction of petitioner Shook's original sentence by reason of a two level reduction in the calculation of the imprisonment range under the Sentencing Guidelines for offenses involving cocaine base or crack cocaine.  This reduction was made by the Sentencing Commission effective November 1, 2007 and applied retroactively on December 11, 2007, effective March 3, 2008.  The petitioner may or may not be eligible for the two level reduction.

General Order No. 08-02 appointed the Federal Public Defender as the attorney for all federal prisoners previously sentenced in this District who may be eligible for this reduction.  General Order No. 08-03 sets forth the procedures that will be followed to determine a prisoner's eligibility.

Title 28 U.S.C. §2255 authorizes a prisoner in federal custody claiming the right to be released because the sentence was imposed in violation of the Constitution or laws of the United States, or because the court was without jurisdiction to impose the sentence, or because the sentence was in excess of the maximum authorized by law, or

is otherwise subject to collateral attack to move the sentencing court to vacate, set aside or correct the sentence. Title 28 U.S.C. §2255 has no application to a request for a reduction of the original sentence imposed by this Court. The original sentence is not being challenged when a prisoner seeks a reduction of the sentence as a result of the Sentencing Commission's modification of the guidelines dealing with crack cocaine.

Therefore, I **RECOMMEND** that Ground B, which seeks a possible reduction of sentence be **DISMISSED**. The reference in Ground B to a possible reduction of sentence should, however, be considered as a motion for reduction of sentence and a copy of the motion to vacate sentence shall be filed and docketed as a motion for reduction of sentence and shall be referred to the Federal Public Defender under this Court's General Orders 08-02 and 08-03 for further consideration by the Federal Public Defender.

Accordingly, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** because Ground A was waived by petitioner's guilty plea and Ground B is not a proper ground for relief in habeas corpus. The Magistrate Judge **FURTHER DIRECTS** the Clerk of Court to file Ground B as a motion for reduction of sentence. The Clerk of Court should provide a copy of this *Report and Recommendation* and the motion for reduction of sentence to the Federal Public Defender under this Court's General Orders 08-02 and 08-03 for further consideration by the Federal Public Defender.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge