IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DESTINE LAMARR SHOOK,**

    Petitioner,                                     **CASE NO. 2:08-CV-1239**
                                                                    **CRIM. NO. 2:07-CR-0033**
**v.**                                                           **JUDGE HOLSCHUH**
                                                                    **MAGISTRATE JUDGE ABEL**

**UNITED STATES OF AMERICA,**

    Respondent.

**ORDER and
REPORT AND RECOMMENDATION**

On June 16, 2008, prior to final judgment of dismissal of the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, petitioner filed a request to proceed *in forma pauperis* on appeal, Doc. No. 33, and what has been docketed as a "motion for leave to appeal," Doc. No. 34, in which he asserts that he was denied the effective assistance of counsel because his attorney failed to file a timely appeal after being requested to do so. Respondent has filed a response to this claim. *See* Doc. No. 55. Petitioner has submitted a waiver of his attorney-client privilege, Doc. No. 51, and a reply. Doc. No. 57.

The Magistrate Judge **RECOMMENDS** that petitioner's request to vacate final judgment of dismissal of his §2255 petition and motion to amend his §2255 petition to include a claim of ineffective assistance of counsel, *see* Doc. No. 44, be **GRANTED**, that final judgment of dismissal, Doc. No. 35, be **VACATED** and that this action again be **DISMISSED.** Petitioner's request for the appointment of counsel, Doc. No. 45, and an

evidentiary hearing are **DENIED**.

## FACTS and PROCEDURAL HISTORY

Petitioner's underlying criminal conviction on possession with intent to distribute over 50 grams of cocaine base in violation of 21 U.S.C. §841 is the result of his March 16, 2007, negotiated guilty plea. *See* Doc. Nos. 11, 16. In a judgment entry filed on July 16, 2007, the Court sentenced petitioner to 120 months imprisonment. Doc. No. 25. Petitioner did not file an appeal. On December 3, 2007, he filed a motion to vacate, set aside, or correct sentence. On July 16, 2008, final judgment was entered dismissing his §2255 petition; however, prior to that time, on June 16, 2008, petitioner filed a "motion for leave to appeal," asserting that he had been denied the effective assistance of counsel because his attorney failed to file a notice of appeal. Construing petitioner's motion as a request to amend his §2255 petition, the Magistrate Judge **RECOMMENDS** that final judgment of dismissal of petitioner's habeas corpus petition, Doc. No. 35, be vacated.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file a notice of appeal after being requested to do so. Specifically, petitioner alleges that shortly after his sentencing hearing, he notified his attorney, Michael T. Bivens, that he wanted to file an appeal because his guilty plea was involuntary, police conducted an unconstitutional search and seizure, and he was denied the effective assistance of counsel. *See Motion to Amend*, Doc. No. 44. Petitioner alleges that his attorney told him the clerk would enter a notice of appeal following imposition of sentence to ensure that

2

his appellate rights were protected. *See id.* Petitioner also complains that his attorney failed to file a motion to suppress evidence. Petitioner states that he "sent voluminous amounts of correspondence to the Court inquiring on the status of" his appeal. *See id.* On September 24, 2007, the public defender advised petitioner that no notice of appeal had been filed and the time period to file an appeal had long since expired. *See id.*

In response to petitioner's allegations, respondent has submitted an affidavit from Attorney Michael T. Bivens, which indicates in relevant part as follows:

> I was retained by Destine Lamarr Shook to represent him in a criminal matter in the Federal District Court in the Southern District of Ohio in January, 2007;
>
> Upon my being retained, I represented Mr. Shook at his initial appearance and all Court appearances thereafter;
>
> I met with Mr. Shook several times regarding his case and we discussed the various courses of action he could take, including filing a Motion to Suppress Evidence;
>
> Mr. Shook did not wish to pursue that course of action and expressed his desire to plead guilty to an Information;
>
> During the Plea Hearing held March 1, 2007, the Court explained to Mr. Shook the consequences of entering a plea of guilty and the Court's acceptance of his plea;
>
> Mr. Shook was somewhat confused regarding whether or not he would be able to withdraw his guilty plea any time prior to sentencing;
>
> The Court explained this in more detail to Mr. Shook, but in an abundance of caution, recessed the hearing for two weeks in order for Mr. Shook to be certain he wanted to proceed with his guilty plea;

3

> Mr. Shook and I met several times between the two hearings and he indicated to me that he wanted to proceed with the guilty plea and not have a Motion to Suppress Evidence filed, which he also stated to the Court at the March 16, 2007 hearing.
>
> A Presentence Investigation Report was completed prior to Sentencing and Mr. Shook and I went over the report in detail;
>
> Neither he nor I had any objections to the report and none were filed;
>
> Prior to Sentencing Hearing I filed a Sentencing Memorandum asking the Court to take into consideration the cocaine powder and crack disparity as well as the defendant's cooperation, which did not rise to the level of substantial assistance;
>
> At the Sentencing Hearing the Court sua sponte raised the issue of whether the defendant's criminal history category substantially overrepresented the seriousness of his criminal history and subsequently found that although the probation officer properly calculated the defendant's criminal history, one felony and a missed court appearance on that charge in 1995, resulted in five (5) criminal history points, which the Court found to overrepresent the seriousness of his criminal history and departed from Criminal History IV to Criminal History II;
>
> The Court sentenced Mr. Shook to the statutory minimum sentence of 120 months and advised him of his appeal rights;
>
> Mr. Shook did not indicate to the Court that he wanted an appeal filed on his behalf; and,
>
> After the Sentencing Hearing Mr. Shook never indicated to me that he wanted an appeal filed on his behalf.

*Affidavit of Michael T. Bivens, Esq.*

Failure of an attorney to file a timely appeal upon the defendant's request constitutes ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak,* 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner,* 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.

*Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000).

Here, the District Court advised petitioner, at sentencing, of his right to appeal; however, petitioner did not indicate that he wished to file a notice of appeal:

> COURT: I do advise you, Mr. Shook, that if you believe that for any reason that your conviction was unlawfully obtained or that the sentence that I have imposed is not a reasonable sentence, you have the right to appeal to the United States Court of Appeals for the sixth Circuit, which sits in Cincinnati, Ohio.

5

> The appeal must be commenced by the filing of a notice of appeal with the Clerk of this court, the district court, within ten days following the filing of the Court's judgment.
>
> If you are unable to pay the costs of an appeal, you have the right to apply for leave to appeal in forma pauperis, which means without the payment of any cost or expense to you. And if you would so request, the Clerk of this Court would forthwith file a notice of appeal on your behalf.
>
> \*\*\*
>
> Is there anything further in this case.... on behalf of the defendant, Mr. Bivens?
>
> MR. BIVENS: No, Your Honor. Thank you.
>
> COURT: Anything else, Mr. Shook?
>
> THE DEFENDANT: No, Your Honor.

*Sentencing Transcript,* July 10, 2007, at 21-22.

Approximately two months later, on September 18, 2007, Court records reflect that petitioner's mother, Kathy Shook, requested petitioner be appointed a Federal Public Defender, because he was "trying to get an appeal for illegal search." On September 19, 2007, the Court advised Ms. Shook that petitioner must submit any requests in writing. On October 26, 2007, in response to a subsequent letter from petitioner, Judge Holschuh sent him a partial copy of the transcript of his sentencing hearing, indicating:

> Please find enclosed a copy of a part of your July 10, 2007 sentencing hearing transcript in which I advised you of your right to appeal. Judgment was filed on July 16, 2007, and no notice of appeal was later filed. If you desire further information, I suggest you contact your attorney, Michael Bivens....

On December 3, 2007, petitioner filed his initial motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255.  He did not raise any claim of ineffective assistance of counsel based on his attorney's failure to file a notice of appeal or indicate that he had wanted to challenge on direct appeal the alleged violation of his Fourth Amendment rights or any other claims.  *See* Doc. No. 27.  On April 15, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that petitioner's §2255 petition be dismissed. Doc. No. 28.  On April 23, 2008, petitioner requested an extension of time to file his objections, indicating:

> P.S.  In court, Judge Holschuh told me that he granted me the 10 day appeal and that the Clerk of the Court would file my appeal and appoint me counsel at no cost to me.  I wrote the Judge in October of '07 and he responded with a letter and the transcript of the incident in question.  The Clerk of the Court did not file my appeal and that is why these matters are being pursued through a 2255.  Thank you for your cooperation.

*See* Doc. No. 31.  In a letter dated June 1, 2008, petitioner again wrote the Court, indicating in relevant part as follows:

> I am writing you today in regards of the direct appeal that you granted to me the day of June 10th of 2007.  I had the impression that you said that the Clerk of Courts would file the appeal.  Well, I am now informed that I must file the appeal myself.  And the individual who claimed that he was directing me in the right direction and assisted me with the 2255 has actually led me in the wrong direction.  I have recently moved here to Ashland, I've been here two weeks.  I would love to be able to file for the appeal and I'm thinking that I have a time-bar coming up.  Is there a way to get an extension but I'm going to try to have it submitted by the end of this week coming.  The main subject on the appeal would be the violation of my Fourth Amendment.

7

> \*\*\*
>
> I am going to put in my Notice of Appeal in with the Clerk of
> Court at the same time that I mail this letter to you.

On June 16, 2008, raised his claim of ineffective assistance of counsel due to his attorney's failure to file a timely appeal. Doc. No. 34.

Petitioner's allegation is not credible in view of the record before this Court. The District Court explicitly advised petitioner of his right to appeal, stating that Clerk would file a notice of appeal on his behalf if he requested an appeal. *See Sentencing Transcript*. Nonetheless, petitioner did not request an appeal, nor did he ask any questions regarding an appeal. The District Judge also advised petitioner that an appeal must be filed within ten days. Further, while petitioner now indicates that he wanted to challenge on appeal the alleged illegal search and seizure by police, this issue was discussed at length prior to the Court's acceptance of petitioner's guilty plea, and after continuation of his guilty plea hearing for further consideration of this issue, petitioner repeatedly stated he wanted to plead guilty. He understood that by doing so, he was waiving his right to challenge the allegedly illegal stop and seizure of drugs by police.

On March 1, 2007, petitioner initially appeared before the Court to plead guilty pursuant to the terms of his negotiated guilty plea on possession with intent to distribute over 50 grams of crack cocaine. At that time, petitioner indicated that he had had ample opportunity to review his case with defense counsel. He was completely satisfied with the way Mr. Bivens had represented him. *Transcript,* March 1, 2007, at 9. The District Judge

advised petitioner, inter alia, that by pleading guilty, he would be giving up his right to file a motion to suppress evidence. *Id.*, at 11.

> COURT: ... Do you understand?
>
> DEFENDANT: – is that like – me and my attorney talked about that and about the way this state highway patrolman pulled me over. Would that be something that you was talking about right there?
>
> COURT: Yes, it would be. If you plead guilty and I accept the plea, you will be giving up your right to challenge that search.
>
> Have you explained that, Mr. Bivens, to your client?
>
> MR. BIVENS: I have, Your Honor.
>
> COURT: Do you understand that?
>
> DEFENDANT: Yes.
>
> COURT: All right. This is one of the rights that you now have that you will be giving up if you plead guilty. If just want to make that very clear.

*Id.*, at 11-12. The Court advised petitioner of the minimum mandatory sentence of ten years imprisonment. *Id.*, at 17. After Special Agent Tim Merimee recited the facts of the case, petitioner admitted the truth of those facts. *Id.*, at 21-22. Petitioner indicated that waiving his right to file a motion to suppress evidence did not affect his decision to plead guilty. Id., at 23.

> DEFENDANT: I mean it still – Me and my attorney talked about it. I mean it might not help none at all. But I mean the way the trooper pulled me over, I didn't do anything wrong, sire. He said that he witnessed me make a violation from the

> opposite side of the freeway. I mean he was driving his car. I'm driving my car. I mean it is hard to see an infraction of what he said I did from across the other side of the freeway. That's my only discrepancy about the whole case.
>
> But other than that, no, I was guilty. I did do what I did, and I am just ready to go ahead and get it over with, get dealt with by the courts.
>
> COURT: Well, if the trooper didn't have probable cause to believe you had committed a traffic offense, then he would have no right to pull you over.
>
> DEFENDANT: And he say he thought there was the odor of faint marijuana. I didn't smoke anything that morning. I smoke cigars. But I didn't even smoke a cigar.... I hadn't even smoked a cigar that morning because my son was in the vehicle, and he was only six days old. I refused to smoke around my son...... But he said he smelled something.
>
> I mean I had a license, insurance and registration. I haded that all to them. He still asked me to get out of the vehicle.
>
> But I still enter my plea as guilty.

*Id.*, at 23-24. At that time, the District Judge continued the hearing until March 16, 2007, so that petitioner would have more time to discuss and consider this issue with his attorney. *Id.*, at 24. At that time, defense counsel advised the Court that he had discussed the issue with petitioner.

> COURT: All right. And as a result of the discussions that you had with your client during the period from the first hearing, what is Mr. Shook's decision? In other words, does he choose not to proceed with the hearing today or does he want to proceed with the hearing and to enter a guilty plea?
>
> MR. BIVENS: It is my understanding after speaking with my client that he still wants to proceed with this hearing today and

10

>     to plead guilty to the charge.
>
>     COURT: Is that correct, Mr. Shook?
>
>     DEFENDANT: Yes, sir.
>
>     COURT: Do you have any other questions then?
>
>     DEFENDANT: No, sir.

*Sentencing Transcript*, March 16, 2007, at 7. Petitioner's only disagreement with the statement of facts was that the Trooper approached his vehicle on the passenger side, and he had not been smoking, as his son was in the car. *Id.*, at 13. Petitioner wanted to plead guilty because he was, in fact, guilty of the charge. *Id.*, at 14.

Petitioner's statements at his guilty plea hearing belie his allegations now – that he told his attorney that he wanted to file an appeal to challenge the search and seizure by police.

> [T]he representations of the defendant, his lawyer, and the
> prosecutor at such a hearing, as well as any findings made by
> the judge accepting the plea, constitute a formidable barrier in
> any subsequent collateral proceedings. Solemn declarations in
> open court carry a strong presumption of verity. The subse-
> quent presentation of conclusory allegations unsupported by
> specifics is subject to summary dismissal, as are contentions
> that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Further, as noted by respondent, petitioner initially indicated that he misunderstood the Court to say that the Clerk would be filing a notice of appeal on his behalf. *See* Doc. No. 31. Thereafter, he alleged that he had requested his attorney to file the appeal. *See* Doc. No. 42. Petitioner indicates that he did

11

not learn, until November 2007, that his attorney had failed to file a notice of appeal or appellate brief. *See Motion Requesting New Sentencing Judgment*, Doc. No. 42. However, his sister inquired in September 2007 about the appointment of counsel for filing an appeal, and the District Judge wrote petitioner a letter in October 2007, advising him that the time period for filing an appeal had expired and no appeal had been filed. Further, although he had adequate opportunity to do so, petitioner never raised this allegation in his initial §2255 petition. For all these reasons, the Magistrate Judge concludes that petitioner's allegations are unworthy of credit in view of the record before this Court.

No evidentiary hearing is required where "the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995). Such are the circumstances here.

Therefore, the Magistrate Judge **RECOMMENDS** that petitioner's request to vacate final judgment of dismissal of his §2255 petition and motion to amend his §2255 petition to include a claim of ineffective assistance of counsel, *see* Doc. No. 44, be **GRANTED**, that final judgment of dismissal, Doc. No. 35, be **VACATED.** It is **FURTHER RECOMMENDED** that the petition be **DENIED** and that this action be **DISMISSED** because the petition fails to state a claim that Shook was denied the effective assistance of counsel and, as recommended in the April 15, 2008 Report and Recommendation (Doc. 28), Ground A was waived by petitioner's guilty plea. Ground B was not a proper ground for relief in habeas corpus, so it was re-filed as a motion for reduction of sentence. On July 22, 2008, the

Court denied the motion to reduce sentence. (Doc. 36.)

Petitioner's request for the appointment of counsel, Doc. No. 45, and an evidentiary hearing are **DENIED**.

Further, the Clerk of Court is **DIRECTED** to remove Doc. 34, a motion for leave to appeal from the Court's motions list because the United States Court of Appeals for the Sixth Circuit dismissed the appeal on August 5, 2008. (Doc. 37.) Petitioner's August 18, 2008 motion for the Court to issue a new sentence and enter judgment (Doc. 42) is without merit for the reasons stated in the Court's July 22, 2008 Order denying his motion to reduce sentence and because he was not denied the effective assistance of counsel since Shook did not instruct his counsel to file a notice of appeal. Petitioner's November 26, 2008 motion to amend his petition (Doc. 44) is MOOT. His November 28, 2008 motion for the appointment of counsel (Doc. 45) is DENIED. There is no arguable merit to his motion to vacate sentence. Finally, petitioner's January 12, 2009 motion to submit a waiver of attorney-client privilege (Doc. 51) is GRANTED.

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made

13

herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                             s/Mark R. Abel
                                             United States Magistrate Judge